| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>TEICH GROH<br>By: Brian W. Hofmeister, Esq.<br>691 State Highway 33<br>Trenton, New Jersey 08619<br>(609) 890-1500<br>(609) 8980-6961 - facsimile<br>bhofmeister@teichgroh.com<br>Attorneys for Debtor | |
| In Re:<br><br>FHG ENTERPRISES, INC. | Case No.: 11-33256<br><br>Hearing Date: August ___, 2011<br><br>Judge: |
| In Re:<br><br>FHG DEVELOPMENT NEW JERSEY, LLC | Case No.: 11-33264<br><br>Hearing Date: August ___, 2011<br><br>Judge: |
| In Re:<br><br>FHG SOUTH JERSEY, LLC | Case No. 11-33261<br><br>Hearing Date: August ___, 2011<br><br>Judge: |
| In Re:<br><br>FHG ACQUISITION, LLC | Case No. 11-33258<br><br>Hearing Date: August ___, 2011<br><br>Judge: |

APPLICATION IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES

FHG Enterprises, Inc. ("Enterprises"), FHG Development New Jersey, LLC ("Development NJ"); FHG South Jersey, LLC ("South Jersey"), and FHG Acquisition, LLC ("Acquisition") (collectively the "Debtors"), by and through the undersigned counsel, hereby move before this Court for entry of an Order, pursuant to Section 105(a) of Title 11 of the United States Code, 11 U.S.C. § 101 et. seq. (the "Bankruptcy Code"), and Rule 1015 of

1

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), administratively consolidating their respective Chapter 11 case, solely for procedural purposes, and providing joint administration (the "Application"). In support of this Application, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion under 28 U.S.C.§ 1334, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.

2. The statutory predicates for the relief requested herein are Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015.

## BACKGROUND

3. On August 3, 2011, the Debtors filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

4. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustees, examiners, or creditors' committee have been appointed in the Debtors' bankruptcy cases.

5. The Debtor is the management company for its affiliates, FHG Acquisitions, LLC, FHG South Jersey, LLC and FHG Development, LLC, which operate various Checkers Restaurants throughout New York and New Jersey.

## RELIEF REQUESTED AND BASIS THEREFOR

6. By this Motion, the Debtors seek the joint administration and consolidation of their Chapter 11 cases for procedural purposes only, pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b).

7. The Debtors submit that, in light of their affiliated status and interrelated business operations (as described below), the joint handling of the administrative matters respecting these cases - including, without limitation, the use of a single docket for matters occurring in the administration of the estates and the combining of notices to creditors - will aid in expediting these Chapter 11 cases and rendering their administration more

2

efficient and economical.

8. These cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, applications and orders, and thereby save considerable time and expense for the Debtors and their estates. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are affiliates as that term is defined in Section 101(s) of the Bankruptcy Code, by reason of their common ownership. Accordingly, this Court is authorized to grant the relief requested herein.

9. Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. In re Hemingway Transp., 954 F. 2d. 1, 11 (1st Cir. 1992); In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D,. Ark. 1986).

10. The Debtor anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in numerous and duplicative filed pleadings to be served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful.

11. Joint administration will permit the Clerk of the Court to use a single general docket for all of the Debtors' cases and to combine notices to creditors of each Debtor's estates and other parties-in-interest. Joint administration will also protect parties-in-interest by ensuring that parties-in-interest in each Chapter 11 case will be apprised of the various matters before this Court in the other cases.

12. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these cases because each creditor may still file it claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. This Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

13. The Debtors also submit that supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee for the District of New Jersey (the "United States Trustee") will be simplified.

14. Accordingly, the Debtors submit that joint administration of their above-captioned Chapter 11 Cases is in the best interests, as well as the best interests of their creditors and all other parties-in-interest. The Debtors therefore request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follow:

| In Re: | Case No.: 11-33256 |
|---|---|
| FHG ENTERPRISES, INC., ET. AL., | Jointly Administered |
| | Hearing Date: |
| | Judge: |

## NOTICE

15. No trustees, examiners, or creditors' committees have been appointed in the Debtors' Chapter 11 cases. Notice of this Application has been given to (i) the United States Trustee; (ii) the Debtors' Twenty (20) Largest Unsecured Creditors on a consolidated basis; and (iii) counsel for the Debtors' secured lenders. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

16. No previous request for the relief sought herein has been made to this or to any other Court.

## WAIVER OF BRIEF

17. As no novel issue of law is raised and the relevant authorities relied upon by the Debtors are set forth herein, the Debtors respectfully request that the requirements of D.N.J. LBR 9013-2 that briefs must be filed be waived.

4

WHEREFORE, Debtors respectfully request the entry of an order, in substantially the form submitted herewith, granting the relief requested herein and such other and further relief as may be just and proper.

        TEICH GROH
        Counsel for FHG Enterprises, Inc., FHG Development
        New Jersey, LLC, FHG South Jersey, LLC and
        FHG Acquisition, LLC


By:   /s/Brian W. Hofmeister
        Brian W. Hofmeister

Dated: August 3, 2011